(37 Misc. Rep. 687.)

### PEOPLE v. MURRAY.

(Supreme Court, Special Term, New York County. April, 1902.)

INSPECTOR OF COMBUSTIBLES—NEGLECT OF DUTY—INDICTMENT.

 The New York City charter (Laws 1897, c. 378, §§ 720, 724, 727, 728, 731, 771) vests the government management and direction of the fire department in the fire commissioner, who has power to select heads of bureaus and assistants under his control, and authorizes the execution by such commissioner of all laws relative to the storage, sale, and use of combustible materials by the bureau to be appointed by such fire commissioner. *Held*, that an indictment charging the head of a bureau with willfully omitting his duty of inspecting places where blasting was being done and explosives used, and for having permitted unlawfully quantities of dynamite to be kept on an avenue in the city, is demurrable, where there is no allegation that the duty assigned to the inspector by the commissioner was that of inspecting places where blasting was being done and explosives kept.

George E. Murray was indicted for neglect of duty as inspector of combustibles. Demurrer to indictment allowed.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer, of counsel), for demurrant.

William Travers Jerome, Dist. Atty., for the People.

LYON, J. The indictment accuses the defendant of having willfully omitted, as inspector of combustibles, to perform the duty imposed upon him by law of using proper and reasonable means to have inspected places within the city of New York where blasting was being done and explosives were being kept, and of having willfully omitted to use proper and reasonable means to restrain the violation of the laws of the state relative to the storage and keeping of dynamite and other combustibles, and of having willfully permitted unlawful quantities of dynamite and other explosives to be kept on Park avenue, in said city. The defendant demurs to the indictment upon the grounds: (1) That the facts stated in the indictment do not constitute a crime; (2) that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure. The defendant does not question the correctness of the statement in People v. Herlihy, 66 App. Div. 534, 73 N. Y. Supp. 236, that every public officer upon whom a duty is imposed is bound to perform that duty, and that for a willful omission so to do an indictment will lie, but the defendant bases his first ground of demurrer upon the claim that the law imposed upon him no such duty as the indictment charges him with having willfully omitted to perform. The Greater New York charter provides (section 720) for the appointment of a fire commissioner, who shall be the head of the fire department, and who (section 724) "shall possess and exercise fully and exclusively all pow-

ers, and perform all duties for the government, management, maintenance and direction of the fire department of the city, and the premises and property thereof." The charter also provides (section 727) that: "The fire commissioner shall have power to organize the fire department in such bureaus as may be convenient and necessary for the performance of the duties imposed upon him. One bureau shall be charged with the duty of preventing and extinguishing fires and of protecting property from water used at fires, the principal officer of which shall be called the 'chief of department.' Another bureau shall be charged with the execution of all laws relating to the storage, sale and use of combustible materials, the principal officer of which shall be called 'inspector of combustibles.'" Another bureau shall be charged with the investigation of the origin and cause of fires, etc. The charter also provides (section 728): "The fire commissioner shall have power to select heads of bureaus and assistants, * * * and they shall at all times be under the control of the fire commissioner, and shall perform such duties as may be assigned to them by him, under such names or titles as he may confer;" and (section 731) authorizes, empowers, and especially charges the fire commissioner with the duty of enforcing the several provisions of chapter 15 of the charter, title 3 of which relates in part to the manufacture, sale, and storage of explosives. The charter further provides (section 771) that the fire commissioner and his officer or agents, under the direction of the commissioner, are empowered at any and all times to enter into and examine all buildings * * * and places where any merchandise, gunpowder, * * * or other combustible materials may be lodged, for the purpose of ascertaining all violations of any provisions of the charter, and upon finding that any of them are defective or dangerous, or that a violation of the charter exists, may deliver a written or printed notice to remove the same, and in case of neglect or refusal of the occupant or possessor of such combustible materials to remove the same in the manner directed by the said commissioner in such notice the party offending shall pay a fine. From the foregoing references to the charter it appears that it was the intention upon the reorganization of the fire department by the Greater New York charter to vest the whole government, management, and direction of the fire department in the fire commissioner as the one responsible head and executive officer, who should have power to select heads of bureaus and assistants, who should at all times be under the control of the fire commissioner, and who should perform such duties as might be assigned to them by him. The law which authorized the creation of the bureau and charged the bureau with the execution of all laws relative to the storage, sale, and use of combustible materials limited the defendant to the performance of such duties of the bureau as he should be assigned to perform by the fire commissioner. It is not claimed, and there is no allegation in the indictment to the effect, that the duty assigned to the defendant by the fire commissioner was that of inspecting places in the city where blasting was being done and explosives were being kept, and of using means to restrain the violation of the laws of the state

relative to the storage and keeping of explosives. For aught that appears, the duty assigned to the defendant by the fire commissioner may have been clerical only, while the duty of such inspection and of restraining the violation of the law as to the storage and use of explosives may have been assigned to one or more assistants. In fact, it may well be claimed, in the absence of an allegation that the defendant failed to carry out the directions of the fire commissioner, or to perform the duties assigned to him by the fire commissioner, that he did in fact perform all the duties assigned to him by the fire commissioner, and that the duty of such inspection and of restraining the violation of law as to the storage and use of explosives was not among such duties. I conclude, therefore, that as to the first ground stated the demurrer should be allowed, but, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment in case the duty was assigned to the defendant by the fire commissioner of inspecting places within the city of New York where blasting was being done and explosives were being kept, or of restraining the violation of the laws of the state relative to the storage or keeping of dynamite or other combustibles, I direct that the district attorney may resubmit the case to another grand jury. In view of the allowance of the demurrer upon the ground first stated, it is unnecessary to pass upon the sufficiency of the indictment upon the ground that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure. It is, however, proper to observe that this indictment is substantially in the form of the indictment in People v. Herlihy, above cited, which was held to be not defective. The demurrer is allowed.

Demurrer allowed.